# EXHIBIT A





**CERTIFIED MAIL**
UNITED STATES POSTAL SERVICE
FOR USE ONLY WITH IMpb SHIPPING LABEL
PSN 7690-17-000-0906
Label 3800-N, January 2014

US POSTAGE
$7.29
OCT 27 2017
Mailed from ZIP 18512
2 oz First-Class Mail Flats Rate
endicia.com
071V00562110

**USPS FIRST-CLASS** C042

SABATINI LAW FIRM, LLC
216 N BLAKELY ST
SCRANTON, PA 18512-1904

SHIP TO:
Genpact Services, LLC
1155 Avenue Of The Americas Fl 4
New York, NY 10036-2711

USPS CERTIFIED MAIL

9414 7102 0088 2556 3554 01

# SABATINI LAW FIRM, LLC

CARLO SABATINI*  
KRISTIN SABATINI  
BRETT FREEMAN  

216 N. Blakely St.  
Dunmore, PA 18512  
Phone: (570) 341-9000  
Fax: (570) 504-2769  
<u>Satellite Office</u>: Wilkes-Barre 823-9000

October 27, 2017

Synchrony Bank  
170 West Election Road, Suite 125  
Draper, UT 84020

Genpact Services, LLC  
1155 Avenue of the Americas, 4th Floor  
New York, NY 10036

Via Certified Mail Return Receipt Requested

RE:  Renee Barnauskas v Synchrony Bank & Genpact Services, LLC  
Lackawanna County Court of Common Pleas  
Docket No. 17-cv-5702

Dear Sir or Madam:

Enclosed please find the complaint in the above-referenced matter. I look forward to your anticipated cooperation.

Sincerely yours,

Brett Freeman

BF/smd

* Board Certified - Consumer Bankruptcy Law - American Board of Certification

| | |
|---|---|
| Renee Barnauskas<br>112 School St.<br>Olyphant, PA 18447-1734,<br><br>　　　　　　　Plaintiff<br>　v.<br><br>Synchrony Bank<br>170 West Election Road, Suite 125<br>Draper, UT 84020<br><br>and<br><br>Genpact Services, LLC<br>1155 Avenue of the Americas, 4th Floor<br>New York, NY 10036<br><br>　　　　　　　Defendants | IN THE LACKAWANNA COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No.　17cv5702<br><br>Jury Trial Demanded |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff(s). You may lose money or property or other rights important to you.

　　　YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

　　　IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

　　　　　　　Northeastern Pennsylvania Legal Services
　　　　　　　33 North Main Street, Suite 200
　　　　　　　Pittston, PA 18640
　　　　　　　Telephone (570) 299-4100

2017 OCT 27 PM 1 29
CLERK OF JUDICIAL RECORDS CIVIL DIVISION
MAURI B. KELLY
LACKAWANNA COUNTY

| | |
|---|---|
| Renee Barnauskas,<br>　　　　Plaintiff<br><br>v.<br><br>Synchrony Bank and Genpact Services, LLC,<br>　　　　Defendants | IN THE LACKAWANNA COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No.<br><br>Jury Trial Demanded |

# COMPLAINT

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Defendants made an excessive number of calls to Plaintiff on a number assigned to a cellular telephone service using equipment regulated by the Act.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over the TCPA claim pursuant to 47 U.S.C. § 227(b)(3), which permits an action for a violation of the TCPA to be brought in an appropriate state court.

3. This Court has jurisdiction over the FDCPA claim pursuant to 15 U.S.C. § 1692k(d), which permits an action under the FDCPA to be brought in any court of competent jurisdiction.

4. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendants transact business here.

## III. PARTIES

5. Plaintiff is a natural person residing at 112 School St., Olyphant, PA 18447-1734.

6. Defendant Synchrony Bank ("Synchrony") is a bank with a place of business located at 170 West Election Road, Suite 125, Draper, UT 84020.

7. Defendant Genpact Services, LLC ("Genpact") is a limited liability company with a place of business located at 1155 Avenue of the Americas, 4th Floor, New York, NY 10036.

### IV. STATEMENT OF CLAIM

8. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is, and at all relevant times was, a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

10. Synchrony is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

11. Genpact is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

12. Genpact is, and at all relevant times was, a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

13. Plaintiff has a cellular telephone number that she has had at all relevant times. Plaintiff has only used this number as a cellular telephone number, and does not believe that it was ever ported from a wireline service.

14. At all relevant times this phone number has been assigned to a cellular telephone service.

*Count 1- Violation of the TCPA (applies to both Defendants)*

15. The foregoing paragraphs are incorporated herein by reference.

2

16. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."

17. Synchrony placed, or caused to be placed, hundreds of calls to Plaintiff's cell phone number.

18. Genpact placed hundreds of calls to Plaintiff's cell phone number.

19. At all times, Defendant Genpact was acting as an agent for Synchrony.

20. Defendant Synchrony is vicariously liable for every call that Genpact placed to Plaintiff on Synchrony's behalf.

21. The phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

22. The phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone and Plaintiff's cellular telephone line.

23. The phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

24. The calls made to Plaintiff's cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

25. These telephone calls were not made for "emergency purposes", as defined in 47 C.F.R. § 64.1200.

26. These telephone calls were not made with the Plaintiff's prior express consent.

27. These telephone calls were placed while Plaintiff was in the United States.

3

28.     Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call that Defendants caused to be made to Plaintiff's cellular telephone number.

29.     Plaintiff is also entitled to increased damages, as these calls were made willfully and/or knowingly.

30.     For each violation that was made willfully and/or knowingly, the Court may, in its discretion, increase the amount of the award to an amount equal to, but not more than, $1,500.00 per call.

WHEREFORE, Plaintiff demands judgment against Defendants for statutory damages of between $500.00 and $1,500.00 per call, costs, equitable relief, and such other and further relief as the Court deems just and proper.

### *Count 2 – Violation of the FDCPA (applies only to Genpact)*

31.     The foregoing paragraphs are incorporated herein by reference.

32.     When Genpact called Plaintiff's cell phone, it was attempting to collect an alleged debt.

33.     This debt was incurred for personal, family, or household purposes and is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

34.     The frequency and volume of calls that Genpact placed to Plaintiff was annoying, abusive, and harassing.

35.     For example, Genpact often placed at least five calls to Plaintiff in a single day.

36.     And, in less than four months, Genpact placed over 475 phone calls to Plaintiff.

37.     Genpact violated the FDCPA, 15 U.S.C. § 1692d(5), by causing Plaintiff's phone to ring repeatedly with the intent to annoy, abuse, or harass the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Genpact for damages, costs, attorney's fees, and such other and further relief as the court deems just and proper.

V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

_____
Brett Freeman
Bar Number: PA 308834
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Attorney for Plaintiff
Phone (570) 341-9000

## Verification of Complaint and Certification
## by Plaintiff Renee Barnauskas

Plaintiff, Renee Barnauskas, being duly sworn according to law, deposes as follows:

1. I am the plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 27, 2017.   _/s/ Renee Barnauskas_

Renee Barnauskas, Plaintiff